# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-03117-01-CR-S-RK |
| | ) | |
| TRISTAN D. WALDO, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT & RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss Counts One-Six of the Indictment. (Doc. 16.) Defendant moves for an order dismissing Counts 1 through 6 of the indictment on the basis that the operative language of the statute charged, 18 U.S.C. 922(g)(3), is unconstitutionally vague, both on its face and as applied to the facts of this case. This action has been referred to the undersigned for the purpose of submitting a report on any pretrial motions to dismiss the indictment. As follows, it is **RECOMMENDED** that a final ruling on the motion be deferred until the trial on the merits.

### I.  Background

Defendant is charged by Indictment in seven counts. (Doc. 1.) Relevant to the motion, Counts 1 through 6 all allege that Defendant violated 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Count 1 charges Defendant with knowingly possessing a revolver, a shotgun and ammunition on or about February 8, 2019, knowing he was an unlawful user of a controlled substance. Count 2 charges him with knowingly possessing a firearm, a shotgun and ammunition on or about February 11, 2019, knowing he was an unlawful user of a controlled substance. Count 3 charges him with knowingly possessing a rifle and ammunition on or about March 5, 2019, knowing he was an

unlawful user of a controlled substance. Count 4 charges him with knowingly possessing a firearm and ammunition on or about April 16, 2019, knowing he was an unlawful user of a controlled substance. Count 5 charges Defendant with knowingly possessing a revolver and ammunition on or about May 13, 2019, knowing he was an unlawful user of a controlled substance. Count 6 charges Defendant with knowingly possessing a shotgun and ammunition on or about June 5, 2019, knowing he was an unlawful user of a controlled substance.

Defendant claims that the term "unlawful user" is unconstitutionally vague on its face in violation of the Due Process Clause. (Doc. 16 at 3-11.) He also challenges the statute as applied to the facts of his case, albeit briefly. *Id*. at 13. The Government opposes the motion, arguing first that the facial vagueness challenge is premature, as a defendant cannot raise such a challenge without first showing that the statute is vague as applied to his own conduct. (Doc. 17 at 4-6.) Second, the Government asserts that an as-applied vagueness challenge requires the finding of facts relevant to a trial on the merits, and thus cannot be raised in a pretrial motion to dismiss. *Id*. at 7-9.

**II.     Analysis**

Defendant's pretrial motion is based on the Due Process Clause of the Fifth Amendment. which prohibits the Government from taking away "someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015). A court should decide a pretrial motion before trial unless there is "good cause to defer a ruling." FED. R. CRIM. P. 12(d). "Good cause exists and a decision should be deferred if disposing of the pretrial motion requires making factual determinations that fall within the province of the ultimate finder of fact." *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016)

2

(citation and internal quotation omitted). "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." *Id*. at 604-05 (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)).

### a. As-applied challenge

Defendant anticipates the Government will make allegations against him regarding an addiction history, substance use, and treatment history, along with the timing thereof in relation to the alleged dates of possession of firearms. He argues that such allegations raise questions that are not answered by the statute at issue. He further argues that under *Rehaif v. United States*, 139 U.S. 2191 (2019), Section 922(g)(3) is unconstitutional.

However, in accordance with existing Eighth Circuit precedent, Defendant's as-applied challenge is premature and should not be ruled on until the trial of this matter. *See United States v. Turner*, 842 F.3d 602 (8th Cir. 2016). In *Turner*, the defendant was charged with being an unlawful user of a controlled substance in possession of a firearm in violation of Section 922(g)(3). He moved to dismiss the indictment, alleging the statute was "unconstitutionally vague as applied to his conduct." *Id*. at 603. The district court denied the motion before the trial, "concluding that the indictment alleged sufficient facts," and the defendant then entered a guilty plea. *Id*. On appeal, the Eighth Circuit held that "a 'trial on the merits' was necessary to decide Turner's pretrial motion to dismiss." *Id*. at 605. Specifically, the Eighth Circuit stated

> to rule on Turner's as applied constitutional challenge, the district court [] had to determine whether he had engaged in 'regular drug use' at the time he possessed the firearm. The 'facts surrounding the commission of the alleged offense' would assist with that determination, and the contested defense therefore could not be ruled upon without a 'trial on the merits.'

3

*Id*.  Thus, the Eighth Circuit reversed the denial of the motion to dismiss as premature and remanded the case for further proceedings.  *Id*. at 606.

Here, Defendant's as applied challenge raises questions similar to those raised in *Turner* regarding the timing and frequency of the alleged drug usage in relation to the firearm possession, which require the determination of facts surrounding the commission of the alleged offense.  Accordingly, just as in *Turner*, making findings as to these contested facts at this stage of the proceedings would be premature and would invade the province of the jury, and the Court should defer ruling on Defendant's as applied challenge until the trial.

Additionally, Defendant's reliance on *Rehaif* is misplaced.  Although *Rehaif* addresses the very statute that Defendant contends is unconstitutionally vague, it is explicitly limited to the holding that in prosecutions under Section 922(g), the Government must prove that a defendant not only knew he possessed a firearm, but also "that he knew he belonged to the relevant category of persons barred from possessing a firearm."  *Id*. at 2200 ("We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.")  Here, in accordance with *Rehaif*, Counts 1-6 all allege that Defendant knew he was an unlawful user of a controlled substance.  As a result, *Rehaif* offers no guidance in this matter.

    b.  **Facial challenge**

In reliance on *Johnson*, Defendant asserts that a facial challenge is appropriate here because the Supreme Court "squarely" rejected "the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Johnson,* 135 S. Ct. at 2560-61.  Since *Johnson* was decided, however, the Eighth Circuit has held that a defendant must first show that Section 922(g) is vague as applied to his own conduct before he may raise a

facial challenge. *United States v. Bramer*, 832 F.3d 908, 909-10 (8th Cir. 2016). In *Bramer*, the defendant pled guilty to one count of possession of a firearm by an unlawful user of a controlled substance, in violation of Section 922(g)(3). He then appealed on the basis that the statute is facially unconstitutional because the term "unlawful user" of a controlled substance is vague. *Id*. at 909. He did not argue the statute was vague as applied to his own conduct. *Id*. The Eighth Circuit affirmed his conviction, holding:

> (t)hough it is plausible that the terms "unlawful user" of a controlled substance and "addicted to" a controlled substance could be unconstitutionally vague under some circumstances, Bramer does not argue, and has not shown, that either term is vague as applied to his particular conduct of possessing firearms while regularly using marijuana. Under our case law, his facial challenge to the constitutionality of § 922(g)(3) cannot succeed without such a showing.

*Id*. at 909-10. Here, as explained above, Defendant has not yet made such a showing as to his own conduct.

*Bramer* acknowledges the Supreme Court's decision in *Johnson*, stating "[t]hough [defendant] need not prove that § 922(g)(3) is vague in all its applications, our case law still requires him to show that the statute is vague as applied to his particular conduct." *Id*. at 909 (citing *United States v. Cook*, 782 F.3d 983, 987 (8th Cir.), *cert. denied*, 136 S. Ct. 262 (2015) ("a [defendant] who engages in some conduct that is clearly prohibited cannot complain of the vagueness of the law as applied to the conduct of others") (internal quotations and citation omitted)). Furthermore, *Bramer* remains binding precedent in this circuit. *See United States v. Blackard*, No. 19-03102-CR-SW-MDH, 2020 WL 353239 (W.D. Mo. Jan. 21, 2020) (denying facial vagueness challenge pursuant to *Bramer*); *United States v. Garner*, No. 17-03009-01-CR-S-BP, 2020 WL 96910 at *2 (W.D. Mo. Jan. 8, 2020) (denying facial vagueness challenge pursuant to *Bramer*); *United States v. Stupka*, No. 19-CR-3024-LTS-KEM, 2019 WL 5960661 at *8 (N.D.

5

Iowa Nov. 13, 2019) (finding the rule in *Bramer* applied where a defendant had not pleaded guilty or otherwise admitted to being an unlawful user of a controlled substance during the time the firearm was possessed, and denying a facial vagueness challenge to Section 922(g)(3).) Other courts reviewing facial challenges to Section 922(g)(3) since *Johnson* have also rejected them. *See United States v. Cook*, 914 F.3d 545, 549-55 (7th Cir. 2019), *cert. granted, judgment vacated*, 140 S. Ct. 41 (2019) (remanding for reconsideration on separate grounds in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019)); *United States v. Hasson*, No. GJH-19-96, 2019 WL 4573424 at *7 (D. Md. Sept 20, 2019); *United States v. Moss*, No. 18-CR-316 (JCH), 2019 WL 3215960 at *4 (D. Conn. July 17, 2019); *United States v. Phommaseng*, No. 15–20006–JAR, 2015 WL 5937595 at *14-15 (D. Kan. Oct. 12, 2015).

Accordingly, assuming the Court agrees that a ruling on Defendant's as-applied challenge should be deferred until trial, the Court should also defer any ruling on his facial challenge to the statute, as he has not yet shown that the statute is vague as applied to his own conduct.

### III. Conclusion

Based on the foregoing, in accordance with the Eighth Circuit's opinions in *Turner* and *Bramer*, it is **RECOMMENDED** that the Court defer ruling on Defendant's Motion to Dismiss until the trial on the merits.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: January 22, 2020