IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-03117-01-CR-S-RK |
| ) | |
| TRISTAN D. WALDO, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Pending is Defendant Tristan D. Waldo's Motion to Dismiss Counts One-Six of the Indictment. (Doc. 16.) In Counts One through Six, Defendant is charged with being "an unlawful user" of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). Defendant now moves to dismiss these counts and argues that "unlawful user" is "unconstitutionally vague, both on its face and as applied to the facts of this case, under the Fifth Amendment." (*Id.* at 1.) On January 22, 2020, Magistrate Judge David P. Rush entered a Report and Recommendation which recommended that the Court defer ruling on the Motion to Dismiss until the trial on the merits. (Doc. 18.) On January 31, 2020, Defendant filed Exceptions to the Report and Recommendation. (Doc. 19.)

After an independent review of the record and applicable law, the Court agrees with the Report and Recommendation. As explained by Judge Rush, *United States v. Turner*, 842 F.3d 602 (8th Cir. 2016) addressed a motion to dismiss under similar circumstances. *Turner* held that "[i]n order to rule on Turner's as applied constitutional challenge, the district court . . . had to determine whether he had engaged in 'regular drug use' at the time he possessed the firearm. The facts surrounding the commission of the alleged offense would assist with that determination, and the contested defense therefore could not be ruled upon without a trial on the merits." *Id.* at 605 (quotations omitted). As a result, the Eighth Circuit reversed the district court's denial of Turner's motion to dismiss as premature and remanded for further proceedings. *Id.* at 605-06.

Judge Rush also found *United States v. Bramer*, 832 F.3d 908 (8th Cir. 2016) applicable to Defendant's facial challenge. In *Bramer*, the Eighth Circuit held that:

> [t]hough it is plausible that the terms 'unlawful user' of a controlled substance and 'addicted to' a controlled substance could be unconstitutionally vague under some circumstances, Bramer does not argue, and has not shown, that either term is vague as applied to his particular conduct of possessing firearms while regularly using marijuana. Under our case law, his facial challenge to the constitutionality of § 922(g)(3) cannot succeed without such a showing.

*Id.* at 909-10. Applying *Bramer*, Judge Rush correctly found that "assuming the Court agrees that a ruling on Defendant's as-applied challenge should be deferred until trial, the Court should also defer any ruling on his facial challenge to the statute, as he has not yet shown that the statute is vague as applied to his own conduct." (Doc. 18 at 6.)

For these reasons, for the additional reasons stated by Judge Rush, and based on the Court's independent review of the record and applicable law, the Court adopts and incorporates Judge Rush's Report and Recommendation (Doc. 18) as the Court's own Opinion and Order.

Accordingly, Defendant's Exceptions to the Report and Recommendation (Doc. 19) are **OVERRULED**, and Defendant's Motion to Dismiss Counts One-Six (Doc. 16) is **DEFERRED** until the trial on the merits.

**IT IS SO ORDERED**.

    s/ Roseann A. Ketchmark
    ROSEANN A. KETCHMARK, JUDGE
    UNITED STATES DISTRICT COURT

DATED: May 22, 2020